# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. |
| | ) |
| SHATARA CHURN, ALL-AH-DATZ EVENT HALL, LLC, MICHAEL FREEMAN, NICHOLAS DRAKE, THE CHILL SPOT, TASTE OF HEAVENLY FOODS, LLC, SECURE THE BEST PROTECTIVE SERVICES, LLC, AND SABITA, INC. D/B/A MORELAND MARKET, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff State National Insurance Company ("State National") pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby seeks a declaratory judgment as to its rights and obligations under an insurance policy it issued to All-ah-Datz Event Hall, LLC ("All-ah-Datz"). Specifically, State National seeks a judgment declaring that it has no duty to defend or indemnify defendants All-ah-Datz or Shatara Churn ("Churn") from or against the claims of defendants Michael Freeman and Nicholas Drake for liability claims they have asserted in

underlying lawsuits (collectively, the "Underlying Lawsuits") against various Defendants (collectively, the "Liability Defendants").

## PARTIES

1.

State National, the plaintiff herein, is organized under the laws of Texas with its principal place of business in Texas. For purposes of federal court jurisdiction, therefore, State National is a citizen of Texas.

2.

All-ah-Datz Event Hall, LLC ("All-ah-Datz"), a defendant herein, seeks coverage from State National for claims asserted in the Underlying Lawsuits. All-ah-Datz is an administratively dissolved limited liability company formerly organized under the laws of Georgia. Upon information and belief, Shatara Churn is the sole member of All-ah-Datz. For purposes of federal court jurisdiction, All-ah-Datz is a citizen of Georgia. All-ah-Datz may be served through its last known registered agent Shatara Reed (a/k/a Sharata Churn), 1916 Pius Drive, Clayton County, Ellenwood, Georgia 30294. Alternatively, it may be served through its attorneys, Brantley C. Rowlen and Michael A. Sierra of Lewis Brisbois Bisgaard & Smith.

3.

Shatara Churn a/k/a Shatara Reed ("Churn"), a defendant herein, seeks coverage from State National for claims asserted in the Underlying Lawsuits. Churn resides at 1916 Pius Drive, Clayton County, Ellenwood, Georgia 30294. For purposes of federal court jurisdiction, Churn is a citizen of Georgia. She may be served at her place of residence.

4.

The Chill Spot aka Chill Spot ATL2-O LLC (the "Chill Spot") is a limited liability company formerly organized under the laws of Georgia. Upon information and belief, Churn is the sole member of the Chill Spot. For purposes of federal court jurisdiction, Chill Spot is a citizen of Georgia. Chill Spot may be served through its registered agent Shatara Reed (a/k/a Sharata Churn), 1916 Pius Drive, Clayton County, Ellenwood, Georgia 30294.

5.

Nicholas Drake ("Drake"), a defendant herein, filed an underlying lawsuit against the Liability Defendants. Freeman is a resident of the State of Georgia. For purposes of federal court jurisdiction, Freeman is a citizen of Georgia. Alternatively, he may be served through his attorney, Jason Carnell of the Carnell Law Firm, LLC.

6.

Michael Freeman ("Freeman"), a defendant herein, filed an underlying lawsuit against the Liability Defendants. Freeman resides at 402 McMenzie Drive, Stockbridge, Henry County, Georgia 30281. For purposes of federal court jurisdiction, Freeman is a citizen of Georgia. He may be served at 402 McMenzie Drive, Stockbridge, Henry County, Georgia 30281. Alternatively, he may be served through his attorneys Jonathan Broderick and Suzette Broderick of the Broderick Law Group, P.C.

7.

Taste of Heavenly Foods, LLC ("Heavenly"), a defendant herein, is a named defendant in the Underlying Lawsuits. Heavenly is a Domestic Limited Liability Company and may be served through its registered agent Shatara Churn at 1785 Marceau Drive, Clayton County, Conley, Georgia 30288. Upon information and belief, Churn is the sole member of Heavenly. For purposes of federal court jurisdiction, Heavenly is a citizen of Georgia.

8.

Secure the Best Protective Services, LLC ("Best Protective"), a defendant herein, is a named defendant in one of the Underlying Lawsuits. Best Protective is a Domestic Limited Liability Company and may be served through its registered agent Nehemiah Smith, 155 Rockfort Court, Atlanta, Fulton County, Georgia 30349. Upon

information and belief, Nehemiah Smith is the sole member of Best Protective and resides in the State of Georgia. For purposes of federal court jurisdiction, Best Protective is a citizen of Georgia.

9.

Defendant Sabita, Inc. d/b/a Moreland Market, ("Sabita") a defendant herein, is a named defendant in one of the Underlying Lawsuits. Sabita is a Domestic Corporation with a principal place of business in Fulton County, GA. It may be served with a copy of the summons and complaint with its registered agent, Vaskar Chanda, at 1955 Moreland Avenue, Atlanta, GA 30316. For purposes of federal court jurisdiction, Sabita is a citizen of Georgia.

## JURISDICTION AND VENUE

10.

There is complete diversity of citizenship between State National, who is a citizen of Texas, and defendants, who are citizens of Georgia.

11.

The amount in controversy exceeds $75,000.

12.

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

13.

There is an actual case or controversy regarding State National's coverage obligations, if any, under an insurance policy issued in this judicial district for a liability lawsuit that is pending in this judicial district. 28 U.S.C. § 2201.

14.

Venue is proper in the Atlanta Division of the Northern District of Georgia where defendants reside, where the insurance policy was delivered, where the underlying lawsuits are pending, and where the incident giving rise to the liability claims occurred. 28 U.S.C. § 1391(b); L.R. 3.1(B).

## THE UNDERLYING LAWSUITS

15.

This matter arises out of a shooting incident (the "Incident") that occurred on May 30, 2020, on a commercial premises located at 1945 Moreland Avenue, SE, Atlanta, Georgia 30315 (the "Premises").

**A. The Drake Lawsuit**

16.

Drake initiated his lawsuit on December 28, 2020, in *Drake v. Shatara Churn, Vu Thanh Hoang, and Taste of Heavenly Foods LLC*, in the State Court of Clayton County, State of Georgia, Civil Action No. 2020CV02838 ("Drake Lawsuit"). A true copy of the Complaint is attached as Exhibit A.

17.

Drake filed a second amended complaint in the Drake Lawsuit which alleged that Churn did business as All-Ah-Datz and sought damages from injuries allegedly sustained from a gunshot. A true copy of the second amended complaint is attached as Exhibit B.

18.

In the second amended complaint, Drake alleges Churn owns and operates All-Ah-Datz Event Hall at 1945 Moreland Avenue, Atlanta, GA 30316.

19.

In the second amended complaint, Drake alleges he was injured while he was a patron at All-Ah-Datz Event Hall on May 30, 2020, when "a fight broke out between patrons and staff and guns were drawn." He alleges individuals "fired from just outside the front door of the building at 1945 Moreland Avenue" and he was hit by a stray bullet.

20.

In the second amended complaint, Drake alleges that Churn, doing business as All-Ah-Datz, and others are liable for failing to keep the premises safe, failing to protect them from criminal attacks, failing to warn, and maintaining a nuisance.

21.

In the second amended complaint, Drake seeks to recover over $202,900.52 in medical expenses as well as damages in the form of past, present, and future "physical pain and suffering as well as emotional and psychological distress." He also seeks to recover punitive damages, as well as attorneys' fees, interest, and costs.

**B. The Freeman Lawsuit**

22.

Freeman filed a complaint in the State Court of Fulton County on March 10, 2022 ("Freeman Lawsuit") naming The Chill Spot, Allahdatz Event Hall LLC f/k/a All-Ah-Datz Event Hall, Taste of Heavenly Foods, LLC, Shatara Churn, Vu Thanh Hoang, and Secure the Best Protective Services, LLC as Defendants, seeking damages from injuries allegedly sustained from gunshots. A true copy of the complaint is attached as Exhibit C.

23.

Freeman dismissed his original complaint without prejudice and filed a renewal complaint in the State Court of Fulton County on September 1, 2023. Freeman named The Chill Spot, All-Ah-Datz, Allahdatz Event Hall LLC f/k/a All-Ah-Datz Event Hall, Taste of Heavenly Foods, LLC, Shatara Reed a/k/a Shatara Churn, and Secure the Best Protective Services, LLC as Defendants ("Freeman Defendants"). A true copy of the complaint is attached as Exhibit D.

24.

In the renewal complaint, Freeman alleges the Freeman Defendants "owned, managed, secured and/or controlled The Chill Spot, All-ah-datz, and/or Allahdatz Event Hall, LLC, f/k/a All-Ah-Datz Event Hall, located at 1945 Moreland Avenue, SE, Atlanta, Fulton County, Georgia 30315" on May 30, 2020.

25.

Freeman alleges that on May 30, 2020, he was a business invitee or licensee at the subject property when a "fight broke out between several patrons at the Subject Property and shots were fired." He alleges he "dove underneath a vehicle to seek cover from the bullets and that vehicle drove over him, causing severe bodily injury."

26.

Freeman alleges the Freeman Defendants are liable for failing to keep the premises safe, failing to protect them from criminal attacks, and failing to warn.

27.

Freeman seeks to recover "at least $200,000.00" in medical expenses as well as damages in the form of past, present, and future "physical pain, mental anguish, and emotional distress." He also seeks to recover attorneys' fees, expenses of litigation, and costs against the Freeman Defendants.

28.

Churn and All-ah-Datz had notice of the Incident on May 30, 2020, but did not notify First National of the Incident.

29.

Churn and All-ah-Datz had notice of Drake's claim as of at least October 20, 2020, but did not notify First National of a claim.

30.

State National first received notice of the Incident on October 15, 2021, when it received notice of Freeman's claims. A true and accurate copy is attached hereto as Exhibit E.

**INSURANCE POLICY PROVISIONS**

31.

State National issued policy NXTREIRETO-00-GL to "All-ah-datz event hall" as the named insured for the period December 3, 2019, to December 3, 2020 (the "Policy"). The Policy has a liability limit of $1,000,000 per occurrence and $2,000,000 in the aggregate. A true copy is attached hereto as Exhibit F.

32.

"All-ah-datz event hall" is designated as a Limited Liability Company in the Policy's Declarations. [Ex. F, Policy at 11.]

33.

In pertinent part, Coverage A of the Commercial General Liability Coverage Form ("CGL Form") applies to claims for damages that the "insured" is legally obligated to pay because of "bodily injury" that occurs during the policy period and is caused by an "occurrence." [Ex. F, Policy at 14.]

34.

The term "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from these at any time." [Ex. F, Policy at 26.]

35.

The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [Ex. F, Policy at 28.]

36.

"SECTION II – WHO IS AN INSURED" of the CGL Form states in pertinent part:

"**1.** If you are designated in the Declarations as:

…

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."

[Ex. F, Policy at 22-23.]

11

37.

Churn may qualify as an insured under SECTION II – WHO IS AN INSURED of the CGL Form. [Ex. F, Policy at 22-23.]

38.

An endorsement titled "**Firearms, Fireworks and Other Pyrotechnic Devices**" ("Firearms Exclusion") modifies the CGL Form to provide as follows:

> This insurance does not apply to 'bodily injury', 'property damage' or 'personal and advertising injury' arising from the ownership, maintenance, operation, sponsorship, set-up or take-down or other use of:
>
> 1. Firearms, including handguns, revolvers, pistols, rifles, shotguns, air guns, semi-automatic weapons and similar devices;
>
> 2. Fireworks, including firecrackers, Roman Candles, pinwheels skyrockets, ground displays, flares, smoke bombs and similar devices that produce, when ignited or activated, sound, smoke, motion or a combination of these
>
> by any Insured or by any person for which any Insured may be held liable in any capacity.

[Ex. F, Policy at 60.]

39.

As a condition precedent to coverage, the policy requires All-ah-Datz and any other insured to "see to it that [State National is] notified as soon as practicable of an 'occurrence' which may result in a claim." [Ex. F, Policy at 24.]

40.

In addition, as a condition precedent to coverage, the policy requires All-ah-Datz and any other insured to "see to it that [State National receives] written notice of [any] claim or 'suit' as soon as practicable." [Ex. F, Policy at 24.]

## **COUNT I – DECLARATION THAT ALL-AH-DATZ'S BREACH OF THE NOTICE OBLIGATION PRECLUDES COVERAGE UNDER THE POLICY**

41.

State National incorporates by reference each factual allegation in the preceding paragraphs of this Complaint as if set forth herein.

42.

All-ah-Datz's compliance with the notice provisions in the Policy is a condition precedent to coverage.

43.

All-ah-Datz breached the policy conditions by not notifying State National of the Incident "as soon as practicable."

44.

All-ah-Datz breached the policy conditions by not notifying State National of the Drake claim "as soon as practicable."

45.

WHEREFORE, this Court should declare that State National is relieved of any obligation to defend or indemnify All-ah-Datz in the Underlying Lawsuits due to All-ah-Datz's breach of the notice provision in the Policy.

## COUNT II -DECLARATION THAT CHURN'S BREACH OF THE NOTICE OBLIGATION PRECLUDES COVERAGE UNDER THE POLICY

46.

State National incorporates by reference each factual allegation in the preceding paragraphs of this Complaint as if set forth herein.

47.

Churn may qualify as an insured under SECTION II – WHO IS AN INSURED of the CGL Form as a member of All-ah-Datz, as a limited liability company, but only with respect to the conduct of All-ah-Datz's business.

48.

Churn's compliance with the notice provisions in the Policy is a condition precedent to coverage.

49.

Churn breached the policy conditions by not notifying State National of the Incident "as soon as practicable."

50.

Churn breached the policy conditions by not notifying State National of the Drake claim "as soon as practicable."

WHEREFORE, this Court should declare that State National is relieved of any obligation to defend or indemnify Churn in the Underlying Lawsuits due to Churn's breach of the notice provision in the policy.

## COUNT III – DECLARATION THAT THE ALLEGATIONS IN THE UNDERLYING LAWSUITS FALL WITHIN THE FIREARMS EXCLUSION

51.

State National incorporates by reference each factual allegation in the preceding paragraphs of this Complaint as if fully set forth herein.

52.

Protective Services provided security for All-ah-Datz, Churn, and The Chill Spot on May 30, 2020.

53.

The employees, agents, or contractors of All-ah-Datz and Churn, including Best Protective, initiated the shooting from which Drake's and Freeman's injuries arose.

54.

In the Underlying Lawsuits, Drake and Freeman seek damages arising from the operation of a "firearm".

55.

Drake and Freeman seek damages arising from the operation of a "firearm" by the employees, agents, or contractors of All-ah-Datz and Churn.

56.

WHEREFORE, this Court should declare that the State National has no obligation to indemnify All-ah-Datz or Churn in the Underlying Lawsuits.

### PRAYER FOR RELIEF

Based on all the terms, conditions, and exclusions in the Policy (whether or not expressly mentioned or identified in this Complaint), as well as under relevant legal principles and public policy concerns, State National is entitled to a declaration that it does not owe a duty to defend or indemnify All-ah-Datz or Churn for the claims asserted in the Underlying Lawsuits.

**STATE NATIONAL DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

*/s/ Alexia Roney*
Alexia Roney
Georgia Bar No. 581777
aroney@fmglaw.com
Breandan D. Cotter
Georgia Bar No. 439220
bdcotter@fmglaw.com

*Counsel for Plaintiff*
*State National Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)